IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GARY LaMON PUGH                                                                                    PLAINTIFF

           v.                                          Civil No. 06-5114

DR. HOWARD                                                                                             DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

     Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 23, 2006. When he filed the lawsuit he was incarcerated at the Washington County Detention Center. He proceeds pro se and *in forma pauperis.*

     On November 17, 2006, on page 19 of a 41 page response to a motion to dismiss (Doc. 15), the plaintiff stated his current address and phone number as: 2001 South Thompson, Apt. 118, Springdale, Ar 72764, telephone 479-313-3572. On January 5, 2007, plaintiff again provided the court with this same address (Doc. 16).

     On March 15th, and March 21st, mail sent to the address provided by the plaintiff was returned to the court as undeliverable with the notation that the plaintiff had moved. No forwarding address was available. Efforts to contact the plaintiff at the telephone number listed have resulted in a message that the Cricket phone is either off or the person is outside the area. No voice mail message can be left.

     Plaintiff has not contacted the court and provided a current address. The court attempted to obtain an address through the Fayetteville Office of the Arkansas Department of Community Correction. However, the plaintiff is currently listed as an absconder from supervision.

     On March 27, 2007, a show cause order (Doc. 24) was entered. Plaintiff was given until April 26, 2007, to respond to the show cause order. The show cause order was returned to the court as

undeliverable. Once again, efforts to reach plaintiff at the telephone number he provided were unsuccessful (see docket entry on April 10th).

I therefore recommend that the case be dismissed based on plaintiff's failure to prosecute, his failure to respond to the orders of the court, and his failure to keep the court informed of his current address as required by Local Rule 5.5(c)(2). Fed. R. Civ. P. 41.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of April 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE